UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSHUA SMITH, | ) | CASE NO. CV 08-03727 PSG (RZ) |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| RICHARD SUBIA, WARDEN, | ) | |
| Respondent. | ) | |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on June 6, 2008. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a)     On August 19, 2003, petitioner entered a no-contest plea to a charge of lewd acts with a child under 14, pursuant to a plea bargain. (One of the plea-bargain's benefits to Petitioner, who had multiple prior serious felony convictions or "strikes" for purposes of the state's "Three Strikes" sentence-enhancement law, was that he would be sentenced *as if he only had one prior "strike"* instead of being sentenced, as a "Third Striker," to as much as 62 years to life in prison. *See* Ex. I to Pet. at 2 (trial court order rejecting habeas relief) (noting Petitioner's exposure, but for a plea bargain, to possible 62-years-to-life imprisonment if convicted). On September 13, 2003, he received a prison sentence of 13 years, which included certain enhancements. He did not appeal.

(b)     "Within 30 days of sentencing," Petitioner asserts here, he "wrote a letter to the sentencing court seeking to withdraw his plea," and also wrote to his attorney "explaining that [Petitioner] wished to withdraw his plea and/or to appeal his sentence." Petitioner includes no copy of either letter. He does not indicate what response, if any, he received to his letters. Pet. at 8.

(c)     Petitioner's judgment of conviction became final on October 18, 2003, when his 60-day deadline for seeking a certificate of probable cause expired. *See* CAL. R. CT. 8.304(b) (former Rule 30). His one-year AEDPA limitations period began to tick away after that date.

(d)     In July of 2004 and July of 2006, Petitioner filed motions in the trial court "requesting the production of the record of the case upon which to base and

support a writ petition." *Id*.  Petitioner includes copies of neither motion.  Both were denied, although Petitioner supplies no denial dates.

(e)   In January of 2006, Petitioner complained to the State Bar that his former attorney had failed to provide him records and files over the prior two years.

(f)   In October of 2006, Petitioner filed for habeas relief in the trial court.  On November 21, 2006, that court denied relief in a three-page opinion.  Ex. I to Pet.

(g)   In May 2007, Petitioner wrote another letter to his former attorney "seeking an explanation for the basis of [the attorney's] advice to accept the People's plea offer."  Petitioner asserts that the attorney did not respond.  *See* Ex. E to Pet. at 4.

(h)   On September 25, 2007, Petitioner sought habeas relief in the state supreme court.  That court denied the petition without comment on March 26, 2008.

* * * * *

Petitioner's current petition argues, in essence, that (a) he wasn't actually facing the prospect of a "Third Strike" sentence[1] because his prior convictions were not

---

[1]Petitioner appears undaunted by the trial court's implicit, albeit clear, rejection of this premise in its opinion denying habeas relief:

> . . . [T]he transcript of defendant's plea (23 pages) . . . reflects that petitioner was fully advised of his constitutional rights and expressly waived those rights.  Also, at [citation to plea transcript,] petitioner is expressly advised that he has a maximum exposure of 62 years to life [imprisonment] . . . .  The transcript also reflects that, throughout the plea, the court, defense counsel and the petitioner engage in extended discussions concerning the terms and conditions the plea agreement and the consequences of [petitioner's] proceeding with the plea agreement.
> . . . Clearly, the record in this case does not support defendant's claim for ineffective assistance of counsel.

Ex. I to Pet. at 2-3.  Moreover, as set out above, even if Petitioner is correct about his prior convictions being too minor to serve as "strikes," the legally-allotted time to have raised that

(continued...)

"serious or violent felonies" sufficient to serve as prior "strikes"; and (b) his trial attorney, who stated that Petitioner *was* facing such a sentence, was ineffective for urging Petitioner to accept the plea bargain instead of going to trial, as Petitioner now insists he always preferred to have done. By the time Petitioner filed this action in June 2008, however, his limitations period would appear to have expired. (The expiration appears to have occurred late in October of 2004. The one-year AEDPA period began in mid-October 2003. At best, it may have been briefly tolled in July 2004 while a motion "requesting the production of the record" was pending in the trial court.) Petitioner, anticipating such a timeliness-based challenge, includes a substantial discussion attempting to parry it.

In effect, Petitioner argues that he did not discover the "factual predicate" of his current claim(s) until recently, "because the petitioner is not a lawyer" and thus did not understand his trial counsel's alleged error, and thus the existence of his current claim, until relatively recently. *See* Pet. at 13-15. This is not the law. "AEDPA's statute of limitations commences when a petitioner knows, or through the exercise of due diligence could discover, the factual predicate of her claims, not when a petitioner learns the legal significance of those facts." *Summers v. Patrick*, 535 F. Supp. 2d 995, 998 (C.D. Cal. 2008) (citing *Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003), and other cases). The law cannot permit different limitations-period starting dates for some petitioners than for others based on their varying degrees of legal sophistication. Petitioner immediately knew the "factual predicate" of his current claim(s) – namely what his counsel advised him and did not advise him – no later than the time he entered his bargained-for plea. That Petitioner did not then know the legal significance of those operative facts cannot aid him in stopping the ticking AEDPA clock or resetting its start date.

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. No basis for equitable tolling appears from the face of the petition. *See Pace v. DiGuglielmo*, 544 U.S.

---

[1](...continued)

issue appears to have passed.

408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED:  June 13, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE